**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:15-cr-80077-ROSENBERG**

UNITED STATES OF AMERICA,

 Plaintiff,

v.

LUIS CARLOS MAISONET,

 Defendant.
_____/

**ORDER DENYING MOTION TO MODIFY
SENTENCE UNDER THE FIRST STEP ACT OF 2018**

 This cause comes before the Court on Defendant Luis Carlos Maisonet's Motion to Modify Sentence Under the First Step Act of 2018. DE 362. The Court has considered Defendant's Motion, the Government's Response [DE 366], and the record, and is otherwise fully advised in the premises.

 Defendant seeks sentence modification under 18 U.S.C. § 3582(c)(1)(A), which the First Step Act amended to permit a court to grant compassionate release under certain conditions

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.

18 U.S.C. § 3582(c)(1)(A); *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Here, Defendant does not assert that he fully exhausted the administrative procedures for the Bureau of Prisons to bring a motion under § 3582(c)(1)(A) on his behalf, nor does he assert that the Bureau of Prisons failed to act after he made a request for such a motion to be brought on his behalf.

In addition to this procedural deficiency, Defendant has not shown "extraordinary and compelling reasons" to justify a grant of compassionate release "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

According to the applicable Sentencing Commission policy statement, the permissible reasons for a sentence reduction under § 3582(c)(1)(A) are:

1. the defendant is suffering from a terminal illness;

2. the defendant is suffering from a serious physical or medical condition or a serious functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the defendant's ability to provide self-care within the prison environment;

3. the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment;

4. the death or incapacitation of the caregiver of the defendant's minor child or children;

5. the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or partner; and

6. other reasons as determined by the Director of the Bureau of Prisons.

U.S.S.G. § 1B1.13, app. note 1.

Defendant does not assert that he presents any of these reasons for a sentence reduction. Defendant instead bases his request for a reduction on (1) a purported disclosure of privileged information prior to his 2016 sentencing hearing that impacted his sentence, (2) the fact that the mother of his three adult and teenage children is their only provider while he is imprisoned, (3) his clean disciplinary record and work and programing history while imprisoned, (4) his cooperation with the government prior to sentencing, (5) his lack of a criminal history before the instant offense, and (6) the fact that he does not qualify for a drug and alcohol prevention program that the Court recommended at sentencing. *See* DE 362. These factors, taken separately or in conjunction, do not justify a sentence reduction under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13, app. note 1.

For these reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Modify Sentence Under the First Step Act of 2018 [DE 362] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of August, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record